FILED
March 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002518564

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re Donna Killingsworth

Case No. 2010-20369

Debtor(s).

**AMENDMENT COVER SHEET**

Amendment(s) to the following petition, list(s), schedule(s), or statement(s) are attached hereto:
- ☐ Petition
- ☐ Creditor Matrix
- ☐ List of 20 Largest Unsecured Creditors
- ☐ Schedules (check appropriate boxes). See Instruction #4 below.
  ☐ A ☐ B ☐ C ☐ D ☐ E ☐ F ☐ G ☐ H ☐ I ☐ J
- ☐ Statement of Financial Affairs
- ☐ Statement of Intention
- ☐ List of Equity Security Holders
- ☐ Summary of Schedules (includes Statistical Summary of Certain Liabilities and Related Data) **REQUIRED IF AMENDING SCHEDULE(S) A, B, D, E, F, I, OR J.**

Purpose of amendment (check one):
- ☐ To add pre-petition creditors, change amounts owed or classification of debt (**$26.00 fee required**, provided the bankruptcy judge may, for good cause, waive the charge in any case.) NOTE: Lists, schedules and statements that add or change more than 10 creditors should be accompanied by an amended matrix listing only the creditors added or changed.
- ☒ No pre-petition creditors were added, or amounts owed or classifications of debt changed.

**NOTICE OF AMENDMENT TO AFFECTED PARTIES**

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) checked above has been given this date to the Trustee in this case, and to any and all entities affected by the amendment, together with a copy of the notice of meeting of creditors, the discharge (if one has been entered), a subsequent notice to file claims (if one has been issued), and any other document affecting the rights of the added creditors. (**NOTE**: Proof of service, indicating that service has been made, must be filed with the Court.)

Dated: 3/29/2010
Attorney's [or Pro Se Debtor's] Signature:
Printed Name: Douglas B. Jacobs
Mailing Address: 20 Independence Circle
Chico, CA 95973

**DECLARATION BY DEBTOR**

I(We), the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the amendment(s) attached hereto, consisting of 3 pages, is true and correct to the best of my(our) information and belief.

Dated: 3/29/10
Debtor's Signature

Dated:
Joint Debtor's Signature

**INSTRUCTIONS**

1. Use this cover sheet ONLY when filing amended petitions, lists, schedules and statements. *Do not use an amendment cover sheet when submitting amended plans or amendments to plans.*
2. Include the word "Amended" in the title of each amended document.
3. Amendments to property schedules (A and B), creditor schedules (D, E, and F), or income/expenses schedules (I and J) must be accompanied by an amended Summary of Schedules. Updates to the schedule totals will not be made unless the summary is filed.
4. Amendments to add creditors or change their names/addresses must consist of the amended schedule(s) with a notation to the right of the creditor entry of "A" if the creditor is being added or "C" if it is being changed. **Failure to include "A" and "C" notations on amended schedules may result in duplicate or multiple listings on master mailing lists.**
5. Amendments which add or change more than 10 creditors must be accompanied by a separately filed amended matrix containing ONLY the additions/changes so that the creditors may be downloaded into the case. The matrix must not contain the "A" or "C" notations.
6. When e-Filing an amended matrix, you must submit two separate files: a PDF file containing the amendment cover sheet for the matrix, and a text file containing the creditors in the standard master address list format. These two files must be uploaded together.
7. Federal Rule of Bankruptcy Procedure 1009 requires the debtor to give notice of an amendment to the trustee and to any entity affected thereby. **Notice of the amendment WILL NOT be given by the Clerk's Office.** To comply with this requirement, the debtor's attorney or Pro Se debtor must give notice to the trustee and any entity affected by the amendment by serving all previous court notices including, but not limited to, the notice of meeting of creditors, discharge of debtor, etc. A proof of service, indicating that service has been made, must be filed with the court.
8. Checks and money orders should be payable to "Clerk, U.S. Bankruptcy Court." (**NOTE: No personal checks will be accepted.**)

EDC 2-015 (Rev. 6/08)

United States Bankruptcy Court
Eastern District of California

IN RE:                                                                                      Case No. **2010-20369**

**Killingsworth, Donna Ann**                                     Chapter **13**
                              Debtor(s)

Amended
## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. In order to assure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, absent a contrary court order, debtors and their attorneys agree as follows:

### BEFORE THE CASE IS FILED

**The debtor agrees to:**

1. Provide the attorney with accurate financial information.
2. Discuss with the attorney the debtor's objectives in filing the case.

**The attorney agrees to:**

1. Meet with the debtor to review the debtor's debts, assets, liabilities, income, and expenses.
2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
3. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest.
4. Explain to the debtor how, when, and where to make the Chapter 13 plan payments.
5. Explain to the debtor how the attorney's fees and Trustee's fees are paid and provide an executed copy of this document to the debtor.
6. Explain to the debtor that the plan payment must be made to the Trustee on the twenty-fifth day of each month beginning the month after the petition is filed.
7. Advise the debtor of the requirement to attend the 341 Meeting of the Creditors, and instruct the debtor as to the date, time and place of the meeting.
8. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
9. Timely prepare and file the debtor's petition, plan, motions to value collateral, motions to avoid liens, statements, and schedules.

### AFTER THE CASE IS FILED

**The debtor agrees to:**

1. Keep the Trustee and attorney informed of the debtor's address and telephone number.
2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3. Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
4. Let the attorney know if the debtor is sued during the case.
5. Inform the attorney if any tax refunds are seized or not returned to the debtor by the IRS or Franchise Tax Board.
6. Contact the attorney before buying, refinancing, or selling real or personal property with a value of $1,000 or more, before incurring new debt exceeding $1,000.
7. Pay any filing fees and expenses that may be incurred directly to the attorney.

**The attorney agrees to provide the following legal services:**

1. Timely serve the debtor's petition, plan, statements, and schedules on the chapter 13 trustee.
2. Timely serve the debtor's plan and motions to value collateral and motions to avoid liens together with the notice of hearing required by paragraph 3(b) of General Order 05-03.
3. Appear at the 341 Meeting of Creditors with the debtor.
4. Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
5. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.
6. Prepare, file and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
7. Prepare, file, and serve necessary motions to buy, sell, or refinance property when appropriate.
8. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
9. Represent the debtor in motions for relief from stay.
10. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property and to value the collateral of secured creditors.
11. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

The fee charged for a chapter 13 bankruptcy is a matter for negotiation between the attorney and the debtor. While the court's "Guidelines for Payment of Attorneys Fees in Chapter 13 Cases" permit an initial fee of up to $3,500.00 in nonbusiness cases, and $5,000.00 in business cases, lesser fees may be negotiated. These initial fees may be paid, in whole or in part, directly by the debtor prior to the filing of the petition. To the extent not paid by the debtor before the filing of the petition, the fees must be paid through the plan by the Trustee.

Initial fees charged in this case are $ __3,500.00__ , and of this amount, $ __2,000.00__ was paid by the debtor before the filing of the petition. While this initial fee should be sufficient to fairly compensate counsel for all preconfirmation services and most post-confirmation services, where substantial and unanticipated post-confirmation work is necessary, the attorney may request the court to approve additional fees. If additional fees are approved, they shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor.

Dated: **March 18, 2010**  _____
Debtor

Dated: _____  _____
Joint Debtor

Dated: **March 18, 2010**  _____
Attorney for Debtor(s)